# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TONIA SCOTT,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:16-0340** |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **CYNTHIA GEHRIS, et al.,** : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

Pending before the court is one of several recent complaints filed by *pro se* plaintiff Tonia Scott seeking to prevent the defendant tax assessor and tax claim director from selling her real property at a tax sale located in Pike County, Pennsylvania. (Doc. 1). Plaintiff requests the court to issue a writ of mandamus and a preliminary injunction to order defendants and the Pike County Tax Claim Bureau to remove her property from the county tax roll and to stop the tax sale of her property allegedly because "Indians are excluded from taxes according to the United States Constitution, Federal Codes and Treaties" and "the North American continent has been rescinded back to the Indigenous People." The complaint will be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), will be **GRANTED**.[1]

---

[1] Plaintiff Scott indicates in her *in forma pauperis* motion that she owns her home located at 4110 Winchester Way, Bushkill, PA, but she does not state the value of her home and whether she has a mortgage. In her

**I.     BACKGROUND**

On February 24, 2016, plaintiff Scott, a resident of Bushkill, Pennsylvania, filed her complaint against Cynthia Gehris, Pike County, Pennsylvania Tax Claims Director and Gene Porterfield, Pike County Director of Assessment.[2] Plaintiff indicates that this court has federal question jurisdiction over her action pursuant 28 U.S.C. §1331. It appears that plaintiff is alleging that she owns a private property in Pike County and that on July 24, 2015, she was served with a notice of public tax sale by the Pike County Tax Claim Bureau. The notice indicated that the upset sale price on her property was $10,188.12, and that her property would be sold at a tax auction on September 23, 2015. Plaintiff indicates that the notice was improper since she advised personnel at the Tax Assessor's Office that she is an "Indigenous American Indian" and thus, her property should not have been placed on the Pike County tax roll. She requested that her property be removed from the county tax roll and explained that as an "Indigenous American Indian", it is "unlawful and un-natural to be charged a premium on the land of her ancestors". Plaintiff also states that she never consented to be added to the county tax roll and that her constitutional rights as well as her rights under

---

complaint, she indicates that a judicial tax sale of her home is scheduled in April 2016. Even though plaintiff's *in forma pauperis* motion is inadequate, it will be granted for present purposes.

[2]Plaintiff Scott filed eight other complaints with this court on or about the same date as her instant complaint.

2

various treaties were violated by putting her property on the tax roll.

Prior to the tax sale notice, plaintiff alleges that she sent faxes to the tax assessor's office asking to have her property removed from the tax roll but to no avail. The tax assessor's office then sent plaintiff a tax exemption form which she completed and mailed to the Pike County Board of Assessment Appeals. Despite her filing, a "Notice of Public Tax Sale" was placed on her property. Plaintiff then contacted the tax assessor's office claiming that it was unconstitutional to sell her property. Nonetheless her property was listed for the September 2015 and the October 2015 tax sales. It appears that the auctions went forward but no person bid on plaintiff's property.

Plaintiff was given a Tax Exemption hearing on October 21, 2015, and she presented her aforementioned case as to why her property should not be on the tax roll. At the end of November 2015, the Pike County Tax Claim Bureau rendered a decision denying plaintiff's request for a tax exemption and directed that her property taxes must be paid.

On December 28, 2015, two Pike County Sheriff Deputies personally served plaintiff with documents notifying her that her property was to be listed in the April 2016 Pike County Judicial Sale.

Plaintiff alleges that her due process rights are being violated and that defendants lack jurisdiction over her and her property since she is exempt from property taxes because "Indians are excluded from taxes according to the United States Constitution, Federal Codes and Treaties".

3

As relief, plaintiff requests the court to issue a writ of mandamus and a preliminary injunction compelling Pike County Tax Claim Bureau to remove her property from the county tax roll and to stop the sale of her property based on her alleged exclusion. Plaintiff also requests $50,000 in damages from each defendant. Further, she seeks the court to order defendants to convey her property located at 4110 Winchester Way, Bushkill, PA, to her free and clear of all tax liens. Additionally, plaintiff seeks the court to bring criminal charges against both defendants and to impose the maximum fines and terms of imprisonment allowed under Title 18 of the United States Code.

## II.   DISCUSSION

To date, plaintiff's complaint has not been served on either defendant and no response to her complaint is due. In cases where the plaintiff has *in forma pauperis* status, 28 U.S.C. §1915, requires the court to dismiss a plaintiff's case if, at any time, the court

determines that the action is, "frivolous or malicious" or "fails to state a claim on which relief may be granted." §1915(e)(2)(B). *See* McCain v. Episcopal Hosp., 350 Fed.Appx. 602, 604 (3d Cir. 2009) (Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners); Grayson v. Mayview State Hosp., 293 F3d 103, 110 n. 10 (3d Cir. 2002). For the reasons stated below, the case will be dismissed with prejudice as the court lacks subject matter jurisdiction.

Initially, insofar as plaintiff seeks to begin criminal charges, the Third Circuit has held that a private person could not impose criminal liability on a defendant because he lacked standing to do so. *See* Conception v. Resnik, 143 Fed.Appx. 422, 425–26 (3d Cir. 2005). This court has no authority to grant plaintiff relief with respect to alleged criminal conduct in this action. *See* Matthews v. Villella, 2009 WL 311177, *2 (M.D.Pa. 2009), aff'd. in relevant part, C.A. No. 09–1486 (3d Cir. 5–21–10).

The court also finds it lacks subject matter jurisdiction over plaintiff's complaint that is filed pursuant to 28 U.S.C. §1331. Plaintiff's claims clearly relate to the real estate taxes assessed on her property located in Pike County, Pennsylvania, and to an upcoming judicial tax sale of her property. To the extent plaintiff alleges that she is exempt from local real estate taxes, case law does not support her. In Robinson v. Salazar, 838 F.Supp.2d 1006, 1016 (E.D.Ca. 2012), the court stated:

> The common view of aboriginal title is that it is the right of occupancy held by tribes. See, e.g., Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 667, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974); U.S. v. Dann, 873 F.2d 1189, 1195 (9th Cir. 1989). Indians' aboriginal title derives from their presence on the land before the arrival of white settlers. Tee–Hit–Ton Indians v. United States, 348 U.S. 272, 279, 75 S.Ct. 313, 317, 99 L.Ed. 314 (1955). It is well settled that in all the States the tribes who inhabited the lands of the States held claim to such lands after the coming of the white man, under what is sometimes termed original Indian title or permission from the whites to occupy. Id. Fee title to the lands occupied by Indians when the colonists arrived became vested in the United States, but a right of occupancy in the Indian tribes is recognized.

5

Plaintiff is not alleging a right of occupancy free of local real estate taxes on behalf of any Indian tribe. Also, she does not allege that she lives on an Indian Reservation or that her Bushkill property is tribal land. Rather, she indicates that she personally owns her house in Bushkill by virtue of legal title and not aboriginal title.[3] (*See* Doc. 2). Further, plaintiff does not allege any connection between her personal ownership of her Bushkill property with any Indian tribe in any Treaty that prohibits the imposition of local real estate taxes on her. As such, any rights to which plaintiff alleges she is entitled based upon aboriginal title and upon treaties are without merit.[4]

Based on the foregoing, the court finds that plaintiff is alleging that the laws authorizing Pike County to impose real estate taxes on her property are inherently constitutionally deficient. As such, the Tax Injunction Act ("TIA"), 28 U.S.C. §1341, applies to this case since "the effect of the [plaintiff's] lawsuit is to challenge the 'assessment, levy or collection' of a tax." Dommel Properties, LLC v. Jonestown Bank and Trust Co., 2013 WL 1149265, *6

---

[3] Plaintiff Scott indicates in her complaint filed in Civil No. 16-0339, M.D.Pa., she lives in Saw Creek Estates Community Association a large planned community of single-family homes and townhomes located in Pike and Monroe Counties.

[4] Plaintiff Scott does not allege that her property rights are protected by the Nonintercourse Act, 25 U.S.C. §177, which prohibits any purchase or sale of Indian land without the approval of the federal government. Nor can plaintiff show a *prima facie* violation of the Act since she is not an Indian tribe and her property is not tribal land. *See* Delaware Nation v. Pennsylvania, 446 F.3d 410, 418 (3d Cir. 2006).

6

(M.D.Pa. March 19, 2013); Himchak v. Kane, 2015 WL 1321609 (M.D.Pa. March 24, 2015). To the extent plaintiff is challenging the county tax system and the fact that the tax agency assessed her property with respect to real estate taxes, this federal court lacks subject matter jurisdiction over such a challenge under the Tax Injunction Act. Plaintiff is essentially seeking this court to declare the defendants' assessment of real estate taxes on her property as unconstitutional.

In Gass v. County of Allegheny, PA, 371 F.3d 134, 136 (3d Cir. 2004), the Third Circuit stated:

> The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. §1341. Although the express language of the Tax Injunction Act only refers to injunctive actions, the Supreme Court has held that the Tax Injunction Act also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional. California v. Grace Brethren Church, 457 U.S. 393, 408, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982).

The TIA applies to plaintiff's case. *See* Dommel Properties, LLC v. Jonestown Bank and Trust Co., 2013 WL 1149265, *7,; Agarwal v. Schuykill County Tax Claim Bureau, 2010 WL 5175021, *13–*14 (M.D.Pa. July 27, 2010), adopted by 2010 WL 5175003 (M.D.Pa. Dec.15, 2010), affirmed by 442 Fed.Appx. 733 (3d Cir. 2011). "Because the TIA applies to [plaintiff's] suit, this court lacks jurisdiction to hear [her] claims against the county Defendants if the available state remedies are 'plain, speedy and efficient.'" Dommel

7

Properties, 2013 WL 1149265, *7, (citations omitted). "The Tax Injunction Act divests federal courts of jurisdiction only if the state fails to provide a 'plain, speedy and efficient' remedy in its court." Gass, 371 F.3d at 137. The Third Circuit construes narrowly the "plain, speedy and efficient" exception to the Tax Injunction Act. Id. Also, the Third Circuit has held that "Pennsylvania provides a 'plain, adequate and complete' remedy for §1983 Plaintiffs challenging state taxation policies." Id. at 138 (quoting Balazik v. County of Dauphin, 44 F.3d 209 (3d Cir. 1995)).

The Court in *Gass* stated, "[t]he Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review." Id. at 139. Plaintiff is required to pursue her statutory and administrative remedies under state law to challenge the assessment of real estate taxes on her property. Id. The *Gass* Court, citing the United States Supreme Court in Rosewell v. La Salle Nat. Bank, 450 U.S. 503, 522 & n. 29, 101 S.Ct. 1221 (1981), stated that "'first and foremost', the [Tax Injunction] Act was designed to prohibit federal judicial interference with local tax collection." Id. at 140.

Pennsylvania state courts provide plaintiff with "plain, speedy and efficient" remedies to raise all of her challenges, including the constitutional ones, to the assessment of real estate taxes on her property in Pike County. See *Himchak, supra*; Church of the Overcomer v. County of Delaware, 2013 WL 5942378, *2 (E.D.Pa. Nov. 6, 2013) ("[T]he Third Circuit Court of Appeals

8

has held unambiguously that Pennsylvania's state courts provide a 'plain, speedy and efficient' remedy for challenges to a county's assessment of real property taxes." (citing Hill v. Carpenter, 323 Fed.Appx. 167, 171 (3d Cir. 2009) (quoting Gass v. County of Allegheny, PA., 371 F.3d at 137–38)). Indeed, plaintiff does not allege that she even attempted to bring a suit in Pike County Court regarding the April 2016 judicial tax sale of her property. Nor does she allege that the procedures provided by the state court are inadequate. Thus, plaintiff has not pursued her state court remedies which clearly are available to her.

Moreover, plaintiff fails to state a procedural due process claim. Plaintiff does not make any allegation that the Pike County Tax Claim Bureau did not follow the required procedure. In fact, plaintiff indicates that she had notice of the Tax Claim Bureau's request to the Pike County Court to list her property for judicial tax sale and that she had an opportunity to object to the sale. As stated, she also has the opportunity to request the Pike County Court to review the upcoming sale but she failed to pursue her state court remedies. Regardless, these procedures satisfy the process due in the situation of a tax sale. *See* Reisinger v. Luzerne County, 712 F.Supp.2d 332 (M.D.Pa. 2010), affirmed 439 Fed.Appx. 190 (3d Cir. 2011), (citing Jones v. Flowers, 547 U.S. 220, 241–42, 126 S.Ct. 1708, (2006).

Finally, plaintiff is not entitled to a writ of mandamus or an order granting her a preliminary injunction directing defendants to remove her property from

9

the Pike County tax roll and to stop the tax sale of her property since she has no likelihood of success on the merits of her case and she has adequate state court remedies. In order to obtain a writ of mandamus under 28 U.S.C. §1361, plaintiff must demonstrate that she "lack[s] adequate alternative means to obtain the relief [she] seek[s]" and she "carr[ies] the burden of showing that [her] right to issuance of the writ is 'clear and indisputable.'" Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 309, 109 S.Ct. 1814 (1989). Plaintiff has adequate state remedies available to her and she has failed to show she has a "clear and indisputable" right to the writ. Also, §1361 provides the federal courts with jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Id. Neither defendant is an officer or employee of the United States or of a federal agency.

In determining whether to grant injunctive relief, courts within the Third Circuit consider the following factors: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006). *See also* United States v. Bell, 414 F.3d 474, 478 n.4 (3d Cir. 2005) (citing ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996) (en banc)).

While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. Stilp v. Contino, 629 F.Supp.2d 449, 457 (M.D.Pa. 2009) (citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir.2002)). "A failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." Jones v. Taylor, 2013 WL 1899852 (M.D. Pa. May 7, 2013) (quoting In re Arthur Treacher's Franchise Litig., 689 F.2d 1137, 1143 (3d Cir.1982)). As discussed, plaintiff has no likelihood of success on the merits of her case.

**III.   CONCLUSION**

Therefore, the court will dismiss plaintiff's complaint, (Doc. 1), in its entirety with prejudice, for lack of subject matter jurisdiction. Since the court lacks subject matter jurisdiction over plaintiff's complaint and her constitutional claims under the Tax Injunction Act, it is futile to allow plaintiff leave to amend her complaint. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 1, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0340-01.wpd